UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In RE:

DAVID THEODORE MONTGOMERY,

   Debtor.

A. BURTON SHUFORD, Chapter 7 Trustee,

   Plaintiff,

v.

DAVID THEODORE MONTGOMERY,

   Defendant.

Case No. 21-30412-JCW
Chapter 7

Adversary Proceeding No. 22-_____

**COMPLAINT TO REVOKE DISCHARGE
OF DEBTOR OBTAINED BY FRAUD 11 U.S.C. § 727(D) (1)**

NOW COMES A. Burton Shuford, the Chapter 7 Trustee ("**Trustee**") of David Theodore Montgomery ("**Debtor**") and files this Complaint and in support thereof alleges as follows:

1. The Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Western District of North Carolina on July 13, 2021 (the "**Petition**"), and A. Burton Shuford has been appointed Chapter 7 trustee.

2. Defendant David Theodore Montgomery is the Debtor in this case.

3. This adversary proceeding arises in and relates to Bankruptcy Case No. 21-30412, In re: <u>David Theodore Montgomery</u>, pending in the United States Bankruptcy Court for the Western District for North Carolina, Charlotte Division.

4. This adversary proceeding is a proceeding in which the plaintiff is seeking a revocation of the discharge of the Defendant and is a core proceeding pursuant to 28 USC Sec. 157.

5. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding pursuant to 28 U.S.C. Section 157 and 28 U.S.C. Section 1334.

6.      Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. Section 1409.

7.      This proceeding is an adversary proceeding within the meaning of Fed. R. Bankr. P. 7001.

8.      The Debtor was granted a discharge herein on October 15, 2021.

9.      The Petition stated that Debtor's residence as of the date of the petition was "7809 Stilling Street, Huntersville, NC 28078-5058."

10.      The Debtor when signing the Petition stated "I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct."

11.      The Debtor in his Schedule AB filed with the Petition disclosed that he and Timothy Flippen owned the real property with an address of 7809 Stilling Street, Huntersville, NC ("**Stilling Street**") as joint tenants with right of survivorship.

12.      The Debtor is his Schedule C filed with the Petition, claimed his ownership interest in Stilling Street as exempt pursuant to NCGS §1C-1601(a)(1) in the amount of $30,000.

13.      The Debtor executed Official Form 106 D*eclaration About an Individual Debtor's Schedules* and in so doing stated "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct."

14.      The Debtor stated in a telephone call which took place on April 27, 2022, involving Meghan Van Vynckt, special counsel for the Trustee, among others, that he moved into Stilling Street six months ago.

15.      The first time that the Plaintiff in this Adversary Proceeding learned that the Debtor did not reside at Stilling Street on the date of the petition was April 28, 2022 when Van Vynckt advised the Plaintiff of her call with the Debtor on the preceding day.

16.      The Debtor's statement that he resided at Stilling Street in the Petition was untrue.

17.      The Debtor's execution of the Petition Declaration and Official Form 106 were false oaths that were knowingly and fraudulently made.

18.      The Debtor was placed under oath by the Trustee at the meeting of creditors held pursuant to 11 U.S.C. §341 (the "First Meeting") on December 1, 2021.

19.      After being placed under oath at the First Meeting, the Debtor was asked the following questions and gave the following responses:

> **Question:**    To the best of your knowledge, is the information contained in the Petition, Schedules, Statements and related documents true and correct?

**Response:**   "Yes"; and,

**Question:**   Are there any errors or omissions you wish to bring to the Trustee's attention at this time?

**Response:**   "No"

20.   At the time that the Debtor testified at the First Meeting he knew that his testimony as described in paragraph 19 above was materially untrue.

21.   The Debtor's testimony as described in paragraph 19 was entirely composed of false statements that were knowingly and fraudulently made.

22.   The Debtor was not entitled to exempt Stilling Street pursuant to NCGS §1C-1601(a)(1) because it was not his residence on the date of the filing of the Petition.

23.   11 U.S.C. §727 (d) (1) provides as follows:

(d)   On request of the trustee…the court shall revoke a discharge granted under subsection (a) of this section if –

(1) Such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge; ….

WHEREFORE, the Plaintiff prays this Court revoke the discharge of the Debtor pursuant to 11 U.S.C. §727 (d) (1) and have such other and further relief as is appropriate.

This the 18th day of May, 2022.

/s/ A Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
Direct Dial: (980) 321-7000; bshuford@abshuford.com